**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVON THOMPSON, | ) Case No. EDCV 15-0322-MMM (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| PEOPLE OF STATE OF CALIFORNIA et al., | ) |
| Respondents. | ) |

On February 24, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. The Petition challenges Petitioner's September 2013 nolo contendere plea to failing to properly register as a sex offender. (Pet. at 2.)[1] Petitioner did not appeal that conviction (see id.), but he did file habeas petitions in the state courts challenging it (see id. at 4-6).[2]

---

[1] The Court has sequentially numbered the Petition and its attachments.

[2] Petitioner previously filed a habeas petition in this Court, Thompson v. People of State of California, No. EDCV 14-1708-MMM (JPR). After the Court issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies, Petitioner asked to withdraw the petition; the Court granted his request and administratively closed the case on October

1

It appears that the Court lacks jurisdiction over the Petition because Petitioner was not "in custody" for the purposes of § 2254 at the time it was filed. "The federal habeas statute gives United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are <u>in custody</u> in violation of the Constitution or laws or treaties of the United States." <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989) (per curiam) (internal quotation marks omitted, emphasis in original); <u>see also</u> § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The "in custody" requirement is jurisdictional, and it requires that the petitioner be in custody at the time the petition is filed. <u>Bailey v. Hill</u>, 599 F.3d 976, 978-79 (9th Cir. 2010); <u>see also</u> <u>Cook</u>, 490 U.S. at 490-91 ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.").

Here, it appears that Petitioner was no longer in jail or on probation or parole on February 24, 2015, when his Petition was filed. (<u>See</u> Pet. at 1 (listing Petitioner's residential address in heading of Petition and not place of confinement), 2 (stating that Petitioner received sentence of "5 yrs. time served" in Sept. 2013), 19-20 (superior-court order denying habeas petition

---

7, 2014.

and noting that Petitioner pleaded guilty in September 2013 and was "ordered released forthwith and not placed on parole")); see Woodall v. Beauchamp, 450 F. App'x 655, 657 (9th Cir. 2011) (finding that petitioner "was not in custody for purposes of the conviction he is challenging as he received credit for time served in excess of the 2-year sentence he received as a result of" that conviction).[3]  Moreover, the fact that Petitioner continues to be subject to California's sex-offender-registration requirement is "merely a collateral consequence of conviction that is not itself sufficient to render [him] 'in custody' for the purposes of a habeas attack upon it." Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999); see also Williamson v. Gregoire, 151 F.3d 1180, 1184 (9th Cir. 1998) (holding that Washington sex-offender law does not place petitioner "in custody" for purposes of federal habeas corpus).  Because Petitioner is not "in custody" under the state-court decision he challenges, the Court lacks jurisdiction to consider the Petition and it must be dismissed.  See O'Neal v. Sherman, No. EDCV 14-2004-DDP MAN, 2014 WL 5810308, at *3 (C.D. Cal. Nov. 6, 2014) (dismissing petition with prejudice when petitioner was not "in custody" under challenged state-court decision).

---

[3] Thus, Petitioner also was not in custody when he filed his first federal petition, on September 17, 2014.

1    IT THEREFORE IS ORDERED that within 21 days of the date of this Order, Petitioner show cause in writing, if he has any, why the Court should not deny the Petition and dismiss this action because he was not in custody at the time it was filed. Petitioner is warned that his failure to timely and satisfactorily respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.

DATED: February 27, 2015

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE